## In the United States Court of Appeals for the Eleventh Circuit

**Cody Swanger and
Jeremiah Brandt,
Defendants - Appellants**

**v.**

**Amber Jackson
Plaintiff - Appellee**

Appeal from the United States District Court for the
Northern District of Georgia, Atlanta Division
Case No. 1:21-CV-02578-MHC

# APPELLANTS CODY SWANGER'S AND JEREMIAH BRANDT'S RESPONSE TO APPELLEE'S MOTION TO DISMISS

Thomas M. Mitchell
CAROTHERS & MITCHELL, LLC
1809 Buford Highway
Buford, GA 30518
Attorneys for Appellants
(770) 932-3552
(770) 932-6348 Fax
thomas.mitchell@carmitch.com

**Swanger and Brandt v. Jackson - No. 22-12946-J**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1(a)(3), the following is a complete list of trial judges, attorneys, persons, associations, intervenors, firms, partnerships, or corporations that have an interest in the outcome of this particular case:

1.  Hon. Mark H. Cohen (District Court Judge)

2.  Carothers & Mitchell, LLC (Counsel for Appellants)

3.  City of Atlanta, Georgia (Defendant)

4.  Hall Booth Smith, P.C. (Counsel for City of Atlanta)

5.  Joshua Foster (Counsel for City of Atlanta)

6.  Joel Aldrich Jothan Callins (Counsel for City of Atlanta)

7.  Shemia Washington (Counsel for City of Atlanta)

8.  Nicholas Andrew Kinsley (Counsel for City of Atlanta)

9.  Phillips Edward Friduss (Counsel for City of Atlanta)

10. R. David Ware (Counsel for City of Atlanta)

11. Amber Jackson (Appellee)

12. Harold W. Spence (Counsel for Appellee)

13. Mawuli Melvyn Malcolm Davis (Counsel for Appellee)

14. S. Leighton Moore (Counsel for Appellee)

15. Cody Swanger (Defendant-Appellant)

**Swanger and Brandt v. Jackson - No. 22-12946-J**

16.    Jeremiah Brandt (Defendant-Appellant)

17.    Thomas M. Mitchell (Counsel for Appellants)

18.    Angela C. Couch (Counsel for Appellants)

19.    Karen Gilpin Thomas (Counsel for Appellants)

20.    Richard A. Carothers (Counsel for Appellants)


I hereby certify that I am aware of no publicly traded company that has an interest in this appeal.


Respectfully submitted, this 5th day of December, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Appellants
Cody Swanger and Jeremiah Brandt

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 Fax
Email: thomas.mitchell@carmitch.com

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ……………..…………..……ii

TABLE OF CONTENTS ……………………………………………..iv

TABLE OF CITATIONS ……………………………………..…..…..…..v

I.    INTRODUCTION………………………………………....…....1

II.   SUPPLEMENTAL FACTS………………………………..…….3

III.  ARGUMENT AND CITATION OF AUTHORITY

     A.   This Court has jurisdiction over the issues raised by Swanger
         and Brandt in their Notice of Appeal and in the Appellant's
         Brief………………………………………………………….4

     B.   This Court has jurisdiction to consider the District Court's
         failure to consider the Bystander Video because it was
         inextricably intertwined immunity issue…………………………..8

     C.   This Court has jurisdiction over the district court's error
         in determining the facts clearly shown on the BWC and
         dashcam video………………………………………………12

     D.   This Court has jurisdiction to review the District Court's
         Totality of the circumstances analysis……………………….....13

     E.   This Court has jurisdiction to review Officer Brandt's
         Argument that he was not constitutionally required to
         Intervene………………………………………………………14
     F.   The Court has jurisdiction to direct the dismissal of the
         derivative claims…………………………………………….15

CONCLUSION ……………………..………………....………..16

CERTIFICATE OF COMPLIANCE …………………………..…….17

CERTIFICATE OF SERVICE ………………………..………………18

# TABLE OF CITATIONS

## CASES

*A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791 (3d Cir.2007)........................7

*Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324 (11th Cir. 2004)............10

*Alston v. Swarbrick*, 954 F.3d 1312 (11th Cir. 2020) ...........................15

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,
 173 L. Ed.2d 868 (2009)...............................................................6

*Blue v. Koren*, 72 F.3d 1075 (2d Cir. 1995).......................................8

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d
1364 (11th Cir.1997)...................................................................10

*Cantrell v. McClure*, 805 Fed. Appx. 817 (11th Cir. 2020)..................2, 6, 9, 11

*Ensley v. Soper*, 142 F.3d 1402 (11th Cir. 1998)................................15

*Fluor Intercontinental, Inc. v. IAP Worldwide Servs., Inc.*, 533 Fed. Appx. 912 (11th
Cir. 2013)..............................................................................10

*Hadley v. Gutierrez*, 526 F.3d 1324 (11th Cir. 2008))............................15

*Harris v. Ivax Corp.,* 182 F.3d 799 (11th Cir. 1999)............................ 10

*Henry v. Purnell*, 501 F.3d 374, 377 (4th Cir.2007)..............................7

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d
1186 (11th Cir. 2018 ............................................................10, 11

*Hudson v. Hall*, 231 F.3d 1289 (11th Cir. 2000)............................5, 7, 8, 14

*Hunter v. Bryant*, 502 U.S. 224, 112 S. Ct. 534,
116 L.Ed.2d 589 (1991)...............................................................4

*Jackson v. Humphrey*, 776 F.3d 1232 (11th Cir. 2015)...............................5

*Jewett v. Anders*, 521 F.3d 818 (7th Cir. 2008)........................................7

*Kirkland v. St. Vrain Valley Sch. Dist. No. Re–1J*, 464 F.3d 1182
(10th Cir. 2006)...........................................................................7

*Kwai Fun Wong v. United States*, 373 F.3d 952 (9th Cir.2004)....................8

*Limone v. Condon*, 372 F.3d 39 (1st Cir.2004)...............................…...8

*Maxcess, Inc. v. Lucent Tech., Inc.*, 433 F.3d 1337 (11th Cir. 2005)..............11

*McCreary v. Parker*, 456 Fed. Appx. 790 (11th Cir. 2012))........................6

*McDowell v. Gonzalez*, 820 Fed. Appx. 989 (11th Cir. 2020).....................11

*Meals v. City of Memphis, Tenn.*, 493 F.3d 720 (6th Cir.2007)...................7

*Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806,
86 L.Ed.2d 411 (1985)...........................................................…....2, 4

*People for Ethical Treatment of Animals, Inc. v. Miami Seaquarium*,............10
879 F.3d 1142 (11th Cir. 2018).

*Robinson v. City of Huntsville*, 21-13979,
2022 WL 3867584 (11th Cir., Aug. 30, 2022) ..............…..................11, 12

*Scott v. Harris*, 550 U.S. 372, 127 S. Ct. 1769,
167 L. Ed. 2d 686 (2007) ...............................…...…......2, 4, 9

*Smith v. LePage*, 834 F.3d 1285 (11th Cir. 2016)...................................5

*Swint v. Chambers County Comm'n*, 514 U.S. 35, n. 2 & 50–51,
115 S. Ct. 1203, 131 L.Ed.2d 60
(1995)........................................................…..................8

*T.R. by & through Brock v. Lamar Cnty. Bd. of Educ.*, 25 F.4th 877
(11th Cir. 2022).........................................................................9

*Tillis on behalf of Wuenschel v. Brown*, 12 F.4th 1291
(11th Cir. 2021)……………………………………………………………..5, 15

*Walczyk v. Rio*, 496 F.3d 139 (2d Cir.2007); ……………………..…..……….7

*Walker v. City of Pine Bluff*, 414 F.3d 989 (8th Cir.2005); …………….…..…..7

*Wallace v. County of Comal*, 400 F.3d 284 (5th Cir.2005)…………………….8

## CONSTITUTION

Fourth Amendment …………………………………………………………..14

## RULES

Fed. R. Evid. 901(a))……………………………………………………... 12

## RESPONSE TO THE MOTION TO DISMISS

## I.   INTRODUCTION

Appellee's Motion to Dismiss contends that Appellants Swanger and Brandt are improperly requesting this Court to review unappealable evidentiary issues, rather than questions of law regarding the qualified immunity defense.   While Appellee cites the general principles pertaining to interlocutory review of a decision on qualified immunity, she ignores a principle that is especially important in the context of qualified immunity.   This Court and the other Courts of Appeals will exercise pendant appellate jurisdiction to review issues that otherwise may not be immediately appealable when they are "inextricably intertwined" or "inextricably interwoven" with the legal question presented by the qualified immunity issue.   In fact, Swanger and Brandt's Notice of Appeal explicitly relies on this rule, stating that they are appealing the "ruling on qualified immunity (Doc 71), and any issue inextricably intertwined with that decision." *(Doc 72)*.

Appellee contends that Swanger's and Brandt's contentions on appeal relate to what facts could be proved at trial, and not the application of law to an undisputed set of facts. That, however, is not their contention or the nature of this appeal. A central contention in this appeal is that the district court failed to consider the actual facts demonstrated by video that clearly shows the events in question. As a result of that error, the district court erred in its qualified immunity ruling

1

The United States Supreme Court and this Court have held that if there is clear video of the facts giving rise to the litigation, that video should provide the factual predicates for a court's determination of dispositive motions. *Scott v. Harris*, 550 U.S. 372, 380-81, 127 S. Ct. 1769, 1776, 167 L. Ed.2d 686 (2007) (clear video or photographic evidence cannot be disputed by verbal testimony); *Cantrell v. McClure*, 805 Fed. Appx. 817, 819 n.2 (11th Cir. 2020) (video that is undisputed and central to Plaintiff's claims may be considered by court). This rule is especially important when the issue is qualified immunity which is immunity not just from liability but from trial and other burdens of litigation. *Scott*, 550 U.S. 376 n.2, 127 S. Ct. 1774 n.2 ("Qualified immunity is 'an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.'") (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985)).

Video of the events that is the subject of the litigation cannot be more central to Plaintiff's contentions. Furthermore, the video at issue was not challenged as to authenticity by Appellee and in fact still images from that video were incorporated into her anti litem notice which was attached to her First Amended Complaint ("FAC") (*Doc. 32*). The district court's error in failing to consider a video showing the actual event that is the subject of the FAC is certainly inextricably intertwined

2

with the Court's consideration of the qualify immunity issue based upon those facts shown in the video.

## II.  SUPPLEMENTAL FACTS

Appellee's facts, given the state of the pleadings, are generally accurate, albeit incomplete. An important fact Appellee ignores is that Brandt's and Swanger's Notice of Appeal specifically references the principle that matters that are inextricably intertwined with the qualified immunity issue may also be appealed.

Appellee notes that the district court questioned the authentication of the video. Appellee fails to note that no party, including her, challenged or raised any substantial issue as to the authenticity of that video or the veracity of what it showed.

Appellee notes that the videos were provided to the Court through hyperlink embedded in the motion and contends they are not properly in the record. This is another issue that Appellee failed to raise below. Further, it was not a basis of the district court's ruling in this matter. To the extent a local rule of the Northern District of Georgia speaks to the issue, it was waived by Appellee and the district court.

## III. AGRUMENT AND CITATION OF AUTHORITY

### A. This Court has jurisdiction over the issues raised by Swanger and Brandt in their Notice of Appeal and in the Appellants' Brief.

This portion of Appellee's brief is comprised primarily of general statements of the law about the final order doctrine, and the exception the United States Supreme Court carved out for qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985); *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam). The importance of this exception and the need to resolve the qualified immunity question as early in the litigation as possible has been noted by the Supreme Court. *Scott*, 550 U.S. at 376 n.2, 127 S. Ct. at 1774 n.2. Appellee fails, however, to note the ancillary principle allowing immediate review not only of the qualified immunity issue, but other matters that are inextricably intertwined with the qualified immunity issue. Because of the importance of an immediate review of the qualified immunity issue when district court errs, this Court has recognized there will be times when matters that would otherwise not be immediately appealable, must be considered because they are inextricably intertwined or interwoven with the all-important qualified immunity issue.

> An appeal from the denial of qualified immunity may implicate this Court's discretionary pendent appellate jurisdiction to review otherwise non-appealable matters. *See Hudson v. Hall*, 231 F.3d 1289, 1293–94 (11th Cir.

4

2000). Pendent appellate jurisdiction is proper if the non-appealable matters are "inextricably intertwined with an appealable decision or if review of the former decision is necessary to ensure meaningful review of the latter." *Jackson v. Humphrey*, 776 F.3d 1232, 1239 (11th Cir. 2015) (quotation omitted) (alteration adopted).

*Smith v. LePage*, 834 F.3d 1285, 1292 (11th Cir. 2016).

In *Smith*, this Court determined that it could review the legality of officers' entry into a house, the officers' use of tasers, and actions of a supervisor because those matters involved the same facts and law as the qualified immunity issue raised by the defendant officers of whether they had immunity from the deadly force claim. *Id.* In other words, those matters were "inextricably intertwined" with the qualified immunity issue in that case. The issue in the instant case is even a step before those issues in *Smith*. The issue here is not the propriety of the certain actions (entry, tasing, supervision), but the need for the district court to consider the actual facts shown by a video about which no contest as to authenticity or veracity was raised below, or even in this Court.

This Court reached a similar conclusion in *Tillis on behalf of Wuenschel v. Brown*, 12 F.4th 1291, 1296–98 (11th Cir. 2021). In *Tillis* the issues on appeal related to a first volley of shots and then a second volley of shots in a deadly force situation. The district court granted qualified immunity on the first volley but denied qualified immunity as to the second volley. The defendant officer appealed the denial and the plaintiffs attempted to cross appeal the grant of summary judgment as to the first

volley. This Court held that it had pendant appellate jurisdiction because the totality of the circumstances as to the reasonableness of both volleys, seconds apart, implicated the same facts and law. In this appeal Swanger and Brandt are not asking this Court to review a matter unrelated to the qualified immunity issue, but to require the district court to base its qualified immunity analysis on the facts as they actually occurred as seen in a video of the events.

The Supreme Court and this Court have held that the sufficiency of the pleadings is inextricably intertwined with the qualified immunity issue. "[W]hether a particular complaint sufficiently alleges a clearly established violation of law cannot be decided in isolation from the facts pleaded. In that sense the sufficiency of respondent's pleadings is both inextricably intertwined with and directly implicated by the qualified immunity defense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, '946–47, 173 L.Ed.2d 868 (2009) (relied upon by *McCreary v. Parker*, 456 Fed. Appx. 790, 791 (11ᵗʰ Cir. 2012)). And this Court has held that consideration of video is appropriate when determining whether the pleadings sufficiently plead a violation of clearly established law. *Cantrell*, 805 Fed. Appx. at 819. **Therefore, review of the district court's refusal to consider a video must likewise be inextricably intertwined with the qualified immunity issue.**

While the undersigned has not located a case from this Court directly addressing the question of jurisdiction to immediately review a district court's

refusal to consider relevant matters in deciding the qualified immunity question, the Seventh Circuit has. *Jewett v. Anders*, 521 F.3d 818, 825 n.5 (7th Cir. 2008). In *Jewett*, the district court refused to consider, as inadmissible hearsay, a statement about what the officers had been told by a supervisor as to a suspect's description and location. The Seventh Circuit, citing a plethora of cases from other circuits (including this Court's decision of *Hudson v. Hall*, 231 F.3d 1289, 1294 (11th Cir. 2000)) and the Supreme Court held as follows:

> Our jurisdiction necessarily must extend to review of the district court's exclusion as inadmissible hearsay of Officer Anders' testimony regarding the information that he received from his superiors when he was dispatched to the Wal–Mart to apprehend Andre Thompson. That issue is intertwined with the issue of qualified immunity, and its consideration is "necessary to ensure meaningful review of the qualified immunity question." *Henry v. Purnell*, 501 F.3d 374, 377 (4th Cir.2007) (noting that a court of appeals' jurisdiction "over an interlocutory appeal of the denial of qualified immunity also provides a basis for consideration of other district court rulings that are 'inextricably intertwined' with the decision of the lower court to deny qualified immunity or when consideration of the additional issue is necessary to ensure meaningful review" (internal quotation marks and citation omitted)); see also *Walczyk v. Rio*, 496 F.3d 139, 153 (2d Cir.2007); *Meals v. City of Memphis, Tenn.*, 493 F.3d 720, 727 (6th Cir.2007); *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 795 n. 5 (3d Cir.2007); *Kirkland v. St. Vrain Valley Sch. Dist. No. Re–1J*, 464 F.3d 1182, 1198 (10th Cir.2006); *Walker v. City of Pine Bluff*, 414 F.3d 989, 993 (8th Cir.2005); *Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir.2005) (cautioning that the "exercise of this jurisdiction is only proper in rare and unique circumstances" (internal quotation marks and citation omitted)); *Kwai Fun Wong v. United States*, 373 F.3d 952, 960–61 (9th Cir.2004); *Limone v. Condon*, 372 F.3d 39, 51 (1st Cir.2004) (explaining that the doctrine must be used only "to ensure meaningful review of the ʰinchpin issue"); *Hudson v. Hall*, 231 F.3d 1289, 1294 (11th Cir.2000); cf. *Swint v. Chambers County Comm'n*, 514 U.S. 35, n. 2 & 50–51, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995) (discussing the scope of pendant appellate jurisdiction in the collateral order context).

Similarly, in this case, the error of the district court in refusing to consider the video is central to a proper evaluation of the qualified immunity issue. Consideration of that issue is "necessary to ensure meaningful review of the qualified immunity question." Like the Seventh Circuit, this Court should conclude that it has proper jurisdiction over that question. *See also Blue v. Koren*, 72 F.3d 1075, 1084 (2d Cir. 1995) (district court determination that there existed genuine dispute as to existence of retaliation was reviewable because it was inextricably intertwined with first impression issue of determination of standard for finding retaliation).

**B.  This Court has jurisdiction to consider the District Court's failure to consider the Bystander Video because it is inextricably intertwined immunity issue.**

Appellee's first argument is that the enumeration of error concerns facts that the parties might be able to prove and not whether a certain set of given facts show a violation of clearly established law. This is incorrect. As this Court and others have held, video that clearly demonstrates the facts at issue in the lawsuit should be considered by the Court, *Scott, supra*, even on a motion to dismiss. *Cantrell, supra*. The district court and Appellee correctly point out that Swanger's BWC does not clearly show certain critical events. The Bystander Video, however, does clearly show Appellee's attempt to flee and her violent resistance to Swanger's attempts to detain her to investigate their presence at Lenox Mall. The Bystander Video will

also clearly demonstrate that Brandt could not have intervened in Swanger's actions in regard to Appellee.

This appeal presents not an issue of which side is to be believed but presents the question of whether the district court erred in ignoring clear video of the events. Because Appellee has raised no issue as to its authenticity or veracity, under the authority of *Scott,* 530 U.S. at 378 ("there [were] no allegation or indications that the video was doctored or altered in any way, nor any contention that what it differs from what actually happened."), the district court should have considered it.

Appellee's next argument is that Swanger and Brandt did not put the Bystander Video into the record but merely provided a hyperlink in the Motion to Dismiss, and reference a local rule of the Northern District of Georgia. Appellee did not raise this issue below and the local rules are not the basis of the district court's failure to consider the video. Appellee has waived any argument regarding the local rule at this stage. *T.R. by & through Brock v. Lamar Cnty. Bd. of Educ.,* 25 F.4th 877, 885 (11th Cir. 2022) ("Since she did not raise this argument before the district court, she waived this argument below") (citing *Access Now, Inc. v. Sw. Airlines Co.,* 385 F.3d 1324, 1331 (11th Cir. 2004); *also Fluor Intercontinental, Inc. v. IAP Worldwide Servs., Inc.,* 533 Fed. Appx. 912, 922 (11th Cir. 2013) ("a district court has discretion to waive or excuse noncompliance with its local rules."). This Court has considered material provided by hyperlink. *See People for Ethical*

*Treatment of Animals, Inc. v. Miami Seaquarium*, 879 F.3d 1142, 1145 n.2 (11th Cir. 2018).

Appellee next argues that the video is in "no way central to the complaint" asserting that the FAC does not mention that video. Appellee acknowledges, however, that still images from the video are in fact attached to the anti-litem notice attached to the FAC. The video does not have to be incorporated into or referenced in a complaint to meet the test of centrality. *Harris v. Ivax Corp.*, 182 F.3d 799, 802, n.2 (11th Cir. 1999) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997)).

In *Hi-Tech Pharm., Inc. v. HBS International Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018), the Eleventh Circuit specifically addressed the incorporation doctrine. If a document is referenced in a complaint, it is likely *per se* central to the claims, but the critical issue is centrality to the claims, not reference in the complaint. The two later cases, *Cantrell, supra,* and *McDowell v. Gonzalez,* 820 Fed. Appx. 989 (11th Cir. 2020), distinguish and approve the situation in which materials (including video) are attached to a motion to dismiss. Even with documents, if they are central to a party's claim and there is no dispute as to the authenticity, then this Court holds they may be considered on a motion to dismiss. *Maxcess, Inc. v. Lucent Tech., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). Again, the issue is centrality to a plaintiff's claims, not reference in a complaint.

Appellee's final argument is that because of the nature of the video the district court's "concerns about authenticity and credibility" were correct. First, Appellee made no issue as to the authenticity or veracity of the video below. This is likely because, as noted, she relied upon still images of that video in support of anti-litem notice to the City. Furthermore, a panel of this Court has recently articulated what authenticity means in the context of the video to be considered in pre-trial motions. *Robinson v. City of Huntsville*, 21-13979, 2022 WL 3867584, at *3 (11th Cir. Aug. 30, 2022) (citing *Hi-Tech Pharm., Inc.*, 910 F.3d at 1189).

In *Robinson*, the Court noted, in the context of consideration of video attached to motion to dismiss based on qualified immunity, "'undisputed' means that the authenticity of the document is not challenged," not that the evidence is free from any dispute over its content." *Robinson, supra* (citation omitted).[1] If there is "nothing in the record to suggest that . . . the . . . footage is not what it purports to be—that is, the video and audio information recorded . . . during the events" in question, the video should be considered. *Id.* (citing *Fed. R. Evid.* 901(a)).

Rule 901(a)(1) states "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." That requirement

---

[1] While the video in *Robinson* was BWC footage, there is nothing in the opinion or the cases to suggest the principle does not apply to undisputed bystander video.

11

is satisfied with regard to the Bystander Video. A comparison of the Bystander Video and BWC demonstrates that the Bystander Video depicts the events in question, just from a different perspective. Moreover, because Appellee herself relied upon the Bystander Video in making her pre-suit claim to the City, she has acknowledged it accurately depicts the events. Because the "undisputed authenticity" requirement as articulated by this Court is met, this Court has jurisdiction to consider this appeal.

### C. This Court has jurisdiction over the district court's error in determining facts clearly shown on the BWC and dashcam video.

As with the Bystander Video, Appellee argues that Swanger and Brandt's contentions are merely argument about facts that they may be able to prove at trial and not whether given facts show a violation of clearly established law. For the same reasons argued above, the facts displayed by the BWC and "dashcam" are inextricably intertwined with the qualified immunity question. Qualified immunity is quintessentially what a reasonable officer would have believed based upon the facts viewed from their prospective. This is not a dispute about what those facts are because there is clear video. Swanger and Brandt's contention is that the district court erred in failing to consider what is clearly shown and heard on the BWC and dashcam. What those facts are, are set forth in detailed in Appellants' Brief on pages 3 to 7.

**D. This Court has jurisdiction to review the District Court's totality of the circumstances analysis.**

Swanger and Brandt acknowledge that their arguments in this regard are based on their contentions with regard to what can be seen and heard on the BWC.

Appellee's argument in this section is similar to those they made in the previous two sections. She contends that Swanger and Brandt are only arguing facts and not law. If there were not clear video showing the facts comprising the totality of the circumstances, then Appellee's argument may be well taken. Swanger's and Brandt's contention, however, is that what can be clearly seen on the video establishes the totality of the circumstances giving rise to the cause to stop the vehicle and detain the individuals for investigation. Proper consideration of the video evidence and proper analysis of the totality of the circumstances is not only inextricably intertwined with, but at the heart of, the qualified immunity analysis. This Court has specifically held that its consideration of the totality of the circumstances presented to an officer in a Fourth Amendment case is inextricably intertwined with the qualified immunity question and the Court may exercise appellate jurisdiction in such case. *Hudson v. Hall*, 231 F.3d 1289, 1293–94 (11th Cir. 2000). For the same reason, this Court has jurisdiction to consider this matter.

**E. This Court has jurisdiction to review Officer Brandt's argument that he was not constitutionally required to intervene.**

There are two bases of Officer Brandt's argument in this regard. Appellee accurately notes that one basis of Brandt's argument is the consideration of the Bystander Video. If this Court reject the argument on the Bystander Video, then this basis fails.

Officer Brandt, however, has an independent basis for his appeal which presents a pure issue of law, not requiring the Court to determine whether it is inextricably intertwined with the immunity issue. While the FAC does allege that Brandt had an opportunity to intervene in Swanger's actions regarding Appellee, it also alleges that Brandt was dealing with the driver. *FAC, ¶ 27 [Doc. 32, pp. 5-6]*. Brandt's argument in this regard is based solely on this Court's previous authority, that when an officer is dealing with another subject on a scene, there is no constitutional obligation to intervene. *Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020) (quoting *Hadley v. Gutierrez*, 526 F.3d 1324, 1330-31 (11th Cir. 2008)); *Ensley v. Soper*, 142 F.3d 1402, 1408 (11th Cir. 1998) (officer dealing with another arrestee and was not in a position to observe or stop any allegedly excessive force on another arrestee). More importantly, there is not a case in this Circuit in which this Court found a constitutional obligation to intervene on behalf of an officer who was dealing with another subject. Therefore, it is not clearly established that an officer dealing with another subject has a constitutional obligation to break off dealing with that subject to intervene. That is an independent basis for Brandt's

appeal based on the very allegations of the Complaint and over which this Court certainly has jurisdiction.

**F.     The Court has jurisdiction to direct the dismissal of the derivative claims.**

The claims for punitive damages and attorney's fees are derivative.  How the Court rules on the substantive matters on this appeal will dictate how these derivative claims must be handled.  If the Court has jurisdiction over substantive claims, it has jurisdiction to direct dismissal of these derivative claims once the District Court's ruling on the substantive matters is reversed. *Tillis*, 12 F.4th at 1297 (holding that claims against chief and county are derivative of claims against officer and are inextricably intertwined with appealable issues and thus court has jurisdiction).

**IV.    CONCLUSION**

Appellants Swanger and Brandt have appealed the "Order entered by the U.S. District Court for the Northern District of Georgia denying the Defendants' Motion to Dismiss with respect to the District Court's ruling on qualified immunity (*Doc. 71*), and any issue inextricably intertwined with that decision." (*Doc. 72*). Appellee challenges this Court's jurisdiction to review the district court's rulings regarding its consideration of certain video of the events in question. As established above, these rulings are inextricably intertwined with the core qualified immunity issue and this Court has and should exercise jurisdiction to review those rulings.

This 5th day of December, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Cody Swanger
And Jeremiah Brandt

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX
Email: thomas.mitchell@carmitch.com

16

## **CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LITEM**

1.    This brief complies with the type-volume litem of Fed. R. App. P. 32(a)(7)(B) and the word litem of Fed. R. App. P. 32(a)(7)(b)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 4196 words.

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in Times New Roman, font size 14.

   Respectfully submitted, this 5th day of December, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

_____

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Cody Swanger
And Jeremiah Brandt

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX
Email: thomas.mitchell@carmitch.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing *Appellants Cody Swanger And Jeremiah Brandt's Response to Appellee's Motion To Dismiss* to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants. Counsel of record are:

Joshua S. Foster
CITY OF ATLANTA DEPARTMENT OF LAW
55 Trinity Avenue, S.W.
Suite 5000
Atlanta, Georgia 30303
josfoster@atlantaga.gov

Nicholas A. Kinsley
Phillip A. Friduss
R. David Ware
HALL BOOTH SMITH, P.C.
191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303
nkinsley@hallboothsmith.com
pfriduss@hallboothsmith.com
dware@hallboothsmith.com

Harold W. Spence
Mawuli M. Davis
DAVIS BOZEMAN LAW FIRM, P.C.
4153 - C Flat Shoals Parkway, Suite 332
Decatur, Georgia 30034
hspence@davisbozemanlaw.com
mdavis@davisbozemanlaw.com
Attorneys for Plaintiff

S. Leighton Moore
THE MOORE LAW FIRM
235 S. Columbia Drive
Decatur, GA 30030
leighton@moorefirmpc.com

This 5th day of December, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Cody Swanger
And Jeremiah Brandt

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX
Email: thomas.mitchell@carmitch.com