Appeal No. 22-12946-HH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT


OFFICER CODY SWANGER and OFFICER JEREMIAH BRANDT,

Defendants/Appellants,

v.

AMBER JACKSON,

Plaintiff/Appellee.


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Civil Action No. 1:21-cv-02578-MHC

---

**BRIEF OF APPELLEE**

---

Leighton Moore
Georgia Bar No. 520701
THE MOORE LAW FIRM, PC
1819 Peachtree Street NE
Suite 403
Atlanta, GA 30309
Phone: 404-285-5724
leighton@moorefirmpc.com

## CERTIFICATE OF INTERESTED PERSONS

The following is a list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal:

Brandt, Jeremiah (Defendant)

Callins, Joel Aldrich Jothan (Counsel for City of Atlanta)

Carothers & Mitchell, LLC (Counsel for Appellants)

Carothers, Richard A. (Counsel for Appellants)

City of Atlanta, Georgia (Defendant)

Couch, Angela C. (Counsel for Appellants)

Hon. Mark H. Cohen (District Court Judge)

Davis Bozeman, LLP (Counsel for Plaintiff)

Davis, Mawuli M. (Counsel for Plaintiff)

Foster, Joshua (counsel for City of Atlanta)

Friduss, Phillip (Counsel for Defendant City of Atlanta)

Hall Booth Smith, LLP (Counsel for Defendants)

Jackson, Amber (Plaintiff)

Kinsley, Nicholas A. (Counsel for City of Atlanta)

Mitchell, Thomas M. (Counsel for Appellants)

Moore, Sidney Leighton, III (Counsel for Plaintiff)

Spence, Harold W. (Counsel for Plaintiff)

Swanger, Cody (Defendant)

Thomas, Karen Gilpin (Counsel for Appellants)

Ware, R. David (Counsel for City of Atlanta)

Respectfully submitted, this 12th day of December, 2022.

*s/ Leighton Moore*
Leighton Moore
Georgia Bar No. 520701
THE MOORE LAW FIRM, PC
1819 Peachtree Street NE
Suite 403
Atlanta, GA 30309
Phone: 404-285-5724
leighton@moorefirmpc.com

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff submits that oral argument is not needed because the appeal should be dismissed for lack of subject-matter jurisdiction. If the appeal is not dismissed, Plaintiff suggests that oral argument is not needed because the record is simple and the District Court's decision was plainly correct.

# TABLE OF CONTENTS

Certificate of Interested Persons C-1

Statement Regarding Oral Argument i

Table of Contents ii

Table of Citations iii

Jurisdictional Statement 1

Statement of the Issues 6

Statement of the Case 6

Argument and Citation to Authority 13

 A. This Court lacks jurisdiction of this appeal. 13

 B. The District Court did not abuse its discretion in excluding the Bystander Video. 14

 C. The trial court correctly denied Defendants' Motion to Dismiss as to Counts I, III, X, and XI of the FAC. 19

  1. The trial court correctly rejected Defendants' self-serving interpretation of the incident-in-suit based on Swanger's body-worn camera ("BWC") video. 19

  2. The trial court correctly rejected Brandt's effort to argue that he was, as a matter of fact, unable to intervene. 22

  3. The District Court's ruling on the derivative claims must be affirmed. 24

Conclusion 25

Certificate of Compliance 26

Certificate of Service                                      27

**TABLE OF CITATIONS**

**Cases**                                                  **Pages**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)                   3, 4

*Barnes v. Kris Henry, Inc.*, No. 20- 17141, 2022 U.S. App.   12
LEXIS 4460, at *2 (9th Cir. Feb. 18, 2022)

*Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d   19
1364, 1369 (11th Cir. 1997)

*Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960 (11th Cir.   19
2019)

*Cantrell v. McClure*, 805 Fed. Appx. 817 (11th Cir. 2020)   4, 5
*Cohen* v. *Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).   1

*Coopers & Lybrand* v. *Livesay*, 437 U.S. 463 (1978)       1

*Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1237-   20
38, 25 Fla. L. Weekly Fed. C 591 (11th Cir. 2014)

*Garcia-Bengochea v. Carnival Corp.*, 29 Fla. L. Weekly Fed. C   12
1920 (U.S. 11th Cir. 2022)

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186 (11th   18
Cir. 2018)

*Johnson* v. *Jones*, 515 U.S. 304 (1995)                   *Passim*

*Jones v. Auto. Ins. Co.*, 917 F.2d 1528 (11th Cir. 1990)   12, 14

*Keating v. City of Miami*, 598 F.3d 753 (11th Cir. 2010)   12

*Marquez v. Cable One, Inc.*, 463 F.3d 1118 (10th Cir. 2006).     12

*Mitchell* v. *Forsyth*, 472 U.S. 511 (1985)     *Passim*

*Ortiz v. Jordan*, 562 U.S. 180 (2011)     1

*Puerto Rico Aqueduct and Sewer Authority* v. *Metcalf & Eddy, Inc.,* 506 U.S. 139 (1993)     2

*Rapanos v. United States*, 547 U.S. 715 (2006)     3

*Schultz v. State*, 42 F.4th 1298 (2022).     2

*Sec'y, United States DOL v. Preston*, 873 F.3d 877 (11th Cir. 2017)     16

*Thomas v. Cooper Lighting, Inc*., 506 F.3d 1361 (11th Cir. 2007)     13, 16

*Tuttle v. McHugh*, 457 F. App'x 234 (4th Cir. 2011)     12

**Rules**

N.D. Ga. L.R., Appx. H, p. A7     14

Fed. R. Civ. P. 10(a)     15

**Statutes**

28 U.S.C. § 1291     1

42 U.S.C. § 1983     6

# JURISDICTIONAL STATEMENT

As more fully set forth in Plaintiff's Motion to Dismiss Appeal for Lack of Jurisdiction (the "Motion to Dismiss"), this Court lacks jurisdiction to review the alleged errors enumerated in the Brief of Appellant.

Under 28 U.S.C. § 1291, appellate jurisdiction generally does not exist unless and until the District Court renders a final decision that ends the litigation on the merits and leaves nothing for the court to do but execute judgment. *Coopers & Lybrand* v. *Livesay*, 437 U.S. 463, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978). The Supreme Court has created a narrow exception to that "final judgment rule" for orders that are "final decisions" as to an issue collateral to the merits. *Cohen* v. *Beneficial Indus. Loan Corp*., 337 U.S. 541 (1949). In order to be immediately appealable, a collateral order must "'[1] conclusively determine the disputed question, [2] resolve an important issue completely separate from the merits of the action, and [3] be effectively unreviewable on appeal from a final judgment.'" *Puerto Rico Aqueduct and Sewer Authority* v. *Metcalf & Eddy, Inc.,* 506 U.S. 139, 144, 121 L. Ed. 2d 605, 113 S. Ct. 684 (1993) (brackets in original) (quoting *Livesay,* 437 U.S. 463, 468, 57 L. Ed. 2d 351, 98 S. Ct. 2454 (1978)).

In *Mitchell* v. *Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985), the Supreme Court held that an interim order denying qualified immunity

could be treated as a final decision if "the issue appealed concerned, not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law." *Johnson* v. *Jones*, 515 U.S. 304, 311, 115 S. Ct. 2151, 2155, 132 L.Ed.2d 238, 245-46 (1995). Cases suitable for interlocutory appellate review "typically involve contests not about what occurred, or why an action was taken or omitted, but disputes about the substance and clarity of pre-existing law." *Ortiz v. Jordan*, 562 U.S. 180, 190, 131 S. Ct. 884, 892, 178 L.Ed.2d 703, 713 (2011). The issues presented in Defendants' appeal do not satisfy this jurisdictional standard. Instead, as demonstrated in Plaintiff's Motion to Dismiss, Defendants' enumerations of error solely concern the factual detail of "what occurred," not "the substance and clarity of existing law." *Id.*

In their Response to Appellee's Motion to Dismiss (the "MTD Response"), Defendants argue for the first time that this Court has pendent jurisdiction over the fact issues they raise, because those issues are "inextricably intertwined" with the issue of qualified immunity. But as the very term implies, pendent jurisdiction is not self-supporting but merely permits the Court to consider non-appealable rulings that are closely related to other, properly appealable rulings. *Schultz v. State*, 42 F.4th 1298 (2022). Defendants' confused reliance on this doctrine to create interlocutory appellate jurisdiction out of whole cloth calls to mind the story

of the guru who claimed that the earth was supported on the back of a turtle, and that, beyond that, it was "turtles all the way down."[1] Because pendent jurisdiction cannot support itself, Defendants' answer to the jurisdictional question cannot be, "It's pendent jurisdiction all the way down."

Thus, when Defendants cite *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), for the proposition that "the sufficiency of the pleadings is inextricably intertwined with the qualified immunity issue," MTD Resp., p. 6, they are making only half an argument, because they also must show that the qualified-immunity issues they attempt to raise are themselves appealable under *Mitchell*. And to make that argument, Defendants must show that those issues "turn on 'abstract,' rather than 'fact-based,' issues of law." *Iqbal*, 556 U.S. at 674, 129 S. Ct. at 1947, 173 L.Ed.2d at 881. This they cannot do. Throughout their Brief, Defendants take for granted the shape of the law, and solely dispute the lower court's rulings on matters of fact and evidence.

Unlike the qualified-immunity issue in *Iqbal*, which required the Court to "consider[] only the allegations contained within the four corners of respondent's complaint," *Iqbal*, 556 U.S. at 674, 129 S. Ct. at 1947, 173 L.Ed.2d at 881, the

---

[1]   The late Justice Scalia recounted a version of this story in his concurring opinion in *Rapanos v. United States*, 547 U.S. 715, 754 n.14, 126 S. Ct. 2208, 2233, 165 L.Ed.2d 159, 187 (2006).

issues raised by Defendants call upon the Court to consider video evidence outside the pleadings, including evidence that the District Court refused to consider due to concerns about its authenticity and credibility. *See* Doc. 71, p. 4, n.2 ("The Court also points out that the exhibit to the Individual Defendants' motion to dismiss labeled 'Bystander/Spliced BWC Video' is not authenticated and, for purposes of the motion to dismiss, lacks the same credibility as the police officer's body cam footage and will not be relied upon by the Court at this time."). Such issues are inarguably "fact based" and lie particularly within the competence of the District Court. *See Iqbal*, 556 U.S. at 674, 129 S. Ct. at 1947, 173 L.Ed.2d at 881 (stating that *Johnson*'s limitation of interlocutory appellate review to "abstract" rather than "fact-based" legal issues stems from the concern that review of fact-based issues "generally involves matters more within a district court's ken and may replicate inefficiently questions that will arise on appeal following final judgment").

Defendants' reliance on the unpublished decision of *Cantrell v. McClure*, 805 Fed. Appx. 817 (11th Cir. 2020), is also misplaced. No issue of appellate jurisdiction was presented in *Cantrell*, because the officer disputed whether the applicable law was clearly established (and this Court agreed that it was not), thus creating an independent abstract issue of law for this Court's review. 805 F. App'x at 821-22. Defendants cite *Cantrell* for the general holding that this Court can

review video in a qualified-immunity appeal; but that holding does not address whether such review is "abstract" or "fact based" for purposes of *Johnson*.

Moreover, the video review proposed by Defendants here is substantially more fact-based and complex than the one undertaken in *Cantrell*. This Court's holding in *Cantrell* was that the district court, in ruling on a motion to dismiss, did not err in considering bodycam footage that was "undisputedly authentic," "referenced in the complaint," and "attached to [the] defendants' answer." *Cantrell*, 805 F. App'x at 819 n.2. Here, the District Court was **not** satisfied as to the video's authenticity; the video was **not** referenced in the complaint; and Defendants did **not** attach the video to their Motion to Dismiss, but instead merely provided a hyperlink to a third-party website. Under the Local Rules of the District Court, that was not effective to make the video a part of the record below. *See* N.D. Ga. L.R., Appx. H, p. A7 ("Neither a hyperlink, nor any site to which it refers, shall be considered part of the record.").

In sum, this appeal presents no abstract legal dispute to anchor jurisdiction under *Mitchell*. Instead, Defendants themselves state that they are "asking this Court . . . to require the district court to base its qualified immunity determination on the facts as they actually occurred as seen in a video of the events." MTD Resp., p. 6. Jurisdiction therefore is lacking.

## STATEMENT OF THE ISSUES

Does this Court have jurisdiction to consider Defendants' enumerations of error under the collateral-order doctrine?

Did the District Court abuse its discretion in declining to consider, at the pleading stage, an unauthenticated and apparently edited video posted on a news organization's YouTube channel, when that video was not referenced in Plaintiff's pleadings nor attached to Defendants' Motion to Dismiss?

Was the District Court correct in denying Defendants' Motion to Dismiss as to Counts I, III, X, and XI of the First Amended Complaint ("FAC")?

## STATEMENT OF THE CASE

### A.      Summary

This is a civil action for damages pursuant to 42 U.S.C. § 1983. There is one municipal defendant, the City of Atlanta, and there are two individual defendants, Officers Cody Swanger and Jeremiah Brandt. *See generally* Doc. 32 (FAC). Only Plaintiff's claims against the individual defendants are at issue in this appeal.

The events at issue took place on May 30, 2020, during the period of public protest after the death of George Floyd. Plaintiff alleges that she and her fiancé were peacefully driving out of the parking lot at Lenox Mall after unsuccessfully trying to find a protest. Without any reasonable suspicion, Officers Swanger and

Brandt stopped the car. Officer Swanger ran towards the car with his gun drawn, seized Plaintiff from the car, lifted her in the air, and slammed her down on the concrete, breaking her collarbone. Brandt could have intervened to stop Swanger, but did not. The officers detained Plaintiff and her fiancé in their patrol car for more than an hour without medical assistance, then let them go after searching their car and finding nothing. In addition to their underlying claims, Plaintiffs allege claims for punitive damages and attorneys' fees.

**B.    Statement of Proceedings Below**

This action was filed on June 25, 2021. (Doc. 1.) The FAC includes three exhibits. The first is Plaintiff's *ante litem* notice to the City of Atlanta, with the exhibits that were attached to that notice. ((Doc. 32, pp. 55-77 of PDF.) The second and third are proofs of delivery of the *ante litem* notice to the offices of the City Council and Mayor, respectively. (*Id.*, pp. 78-79 of PDF.)

The City of Atlanta moved to dismiss the FAC. (Doc. 53.) It also moved that the District Court take judicial notice of certain facts outside the allegations of the FAC (Doc. 21.) The merits of those motions are not before this Court, because the City of Atlanta prevailed on its Motion to Dismiss below and did not file a Notice of Appeal. In addition, this Court has entered an Order dismissing the City of Atlanta as an appellant because it did not file an initial brief.

In its motion to dismiss the FAC, the City of Atlanta relied upon four videos. (Doc. 53, p. 2) It did not file copies of the videos with the Clerk of Court, but instead provided hyperlinks to Internet addresses where the videos were hosted. (*Id.*) The first video purports to be Defendant Swanger's body-worn camera recording from the night of the incident, and appears to be hosted on a private file-sharing site maintained by the City of Atlanta's outside counsel. (*Id.*) The remaining three videos, however, were hosted on public websites: two of them on YouTube, and one on the website for Fox 5 Atlanta. (*Id.*) The City of Atlanta did not provide authenticating information for any of the four videos. (*Id.*)

On December 21, 2021, Defendants Swanger and Brandt also moved to dismiss the FAC. (Doc. 56.) Like the City of Atlanta, Defendants Swanger and Brandt did not file copies of any video with the Clerk of the District Court. (*Id.*) Instead, these Defendants provided hyperlinks to four videos. (*Id.*) Three of the hyperlinked files, which purported to be body-worn camera ("BWC") and dashcam videos, were hosted on the file-storage website Dropbox.com. (*Id.*) One of the hyperlinked files, apparently a spliced composite of two or more videos from unidentified sources, was hosted on the YouTube.com account of the Atlanta Journal & Constitution. (*Id.*) Officers Swanger and Brandt relied on these unfiled videos, including the spliced composite video, throughout their Brief in the trial

court. (Doc. 56-1, pp. 3-5, 11-12, 16, 19-22, 24.) Officers Swanger and Brandt also cited to the unfiled videos that were hyperlinked in the City of Atlanta's motion. (*Id.*, p. 11.)

On August 18, 2022, the District Court entered a 58-page Order addressing several pending motions. (Doc. 71.) Among other rulings, the District Court granted the City of Atlanta's Motion to Dismiss and granted in part and denied in part the individual Defendants' Motion to Dismiss. (*Id.*, p. 57.)  As summarized by the District Court, "the claims remaining in this case are Counts I [*i.e.*, unlawful seizure against Swanger and Brandt] and III [*i.e.*, failure to intervene against Brandt], the federal punitive damages claim [against both Swanger and Brandt] in Count X, and the claim for attorney's fees [against both Swanger and Brandt] under 42 U.S.C. § 1988 in Count XI of the Amended Complaint." (*Id.*, p. 57.)

The District Court declined to rely upon the spliced composite video that Defendants now call the Bystander Video. *See* Doc. 71, p. 4, n.2 ("The Court also points out that the exhibit to the Individual Defendants' motion to dismiss labeled 'Bystander/Spliced BWC Video' is not authenticated and, for purposes of the motion to dismiss, lacks the same credibility as the police officer's body cam footage and will not be relied upon by the Court at this time."); *see also id.*, p. 28, n.6 ("To the extent that the Individual Defendants attempt to rely on the "spliced"

bystander video, as previously indicated by the Court, reliance on such evidence would be inappropriate when considering their motion to dismiss.").

The District Court considered the BWC Video, but held that it did not clearly support Defendants' version of events. *See* Doc. 71, 4, n.2 ("However, aside from showing that Jackson attempted to move away from Swanger after she was pulled out of the vehicle, Swanger's Body Cam footage fails to clearly indicate what happened prior to Swanger taking Jackson to the ground."); *see also id.*, p. 19, n. 3 ("The Court also notes that the Individual Defendants' version of the events that took place prior to Jackson being put on the ground by Swanger is not definitively supported by the Swanger Body Cam footage, which the Court has reviewed on multiple occasions. See Individual Defs.' Br. at 3-4. The Court cannot definitively conclude from watching the footage that Jackson 'ran' in an attempt to evade the officers or 'dragged' or 'struggled to pull away from' Swanger.").

On August 31, 2022, Defendants Swanger and Brandt filed their Notice of Appeal from the District Court's Order, purporting to rely upon 28 U.S.C. § 1291 and *Mitchell v. Forsyth*. (Doc. 72.)

## C.    Statement of Material Facts.

Plaintiff's FAC alleges that on May 29, 2020, after the murder of George Floyd, Plaintiff Amber Jackson and her fiancé attended a peaceful protest in

Atlanta, Georgia, and then attempted to join another protest that they had heard was taking place at Lenox Mall. (Doc. 32, ¶¶ 15-17.) After driving around the mall parking lot, however, they could not find a protest. (*Id.*, ¶¶ 18-19.) They tried to leave the parking lot, but found their way blocked by an unattended barricade, which Ms. Jackson moved a few feet so they could leave. (*Id.*, ¶¶ 20-24.) After she got back in the car, Defendants Swanger and Brandt stopped the couple. (*Id.*, ¶¶ 25-27.)

Defendant Brandt approached Ms. Jackson's fiancé, who was driving. (*Id.*, ¶ 27.) Defendant Swanger came around to the passenger side, pointed his pistol at Ms. Jackson, and shouted at her to "get out of the fucking car!" (*Id.*, ¶¶ 28-29.) Still holding the gun on her, he took hold of her and forced her out of the car and onto the street. (*Id.*, ¶¶ 30-31.) He then hoisted her off the ground and body-slammed her over his shoulder onto the asphalt, breaking her right collarbone. (*Id.*, ¶¶ 32-35.) The couple was handcuffed and held in a patrol car for over an hour, without medical attention, while the car was searched and found not to contain anything suspicious. (*Id.*, ¶¶ 37-43.)

The FAC specifically alleges that Defendant Brandt "was in a position to stop Defendant Swanger's use of excessive force but did not intervene or question the force being used by Defendant Swanger." (*Id.*, ¶ 45.) Both officers were later

disciplined by the Atlanta Police Department for, among other things, improper use of force and making false statements in their reports. (*Id.*, ¶¶ 48-80.)

**D.    Statement of Standard of Review**

The standard of review is well settled. This Court

> review[s] the denial of a motion to dismiss *de novo* and determine[s] whether the complaint alleges a clearly established constitutional violation, accepting the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor, and limiting [its] review to the four corners of the complaint.

*Keating v. City of Miami*, 598 F.3d 753, 762, 22 Fla. L. Weekly Fed. C 565 (11th Cir. 2010).

"It is within the [trial court's] discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Auto. Ins. Co.*, 917 F.2d 1528, 1531-32 (11th Cir. 1990); *see also Garcia-Bengochea v. Carnival Corp.*, 29 Fla. L. Weekly Fed. C 1920 (U.S. 11th Cir. 2022). Such a decision is reviewed for abuse of discretion. *Barnes v. Kris Henry, Inc.*, No. 20-17141, 2022 U.S. App. LEXIS 4460, at *2 (9th Cir. Feb. 18, 2022); *Tuttle v. McHugh*, 457 F. App'x 234, 235 (4th Cir. 2011); *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006).

This Court "may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even

considered by the court below." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

## ARGUMENT AND CITATION TO AUTHORITY

As an initial matter, this Court lacks jurisdiction to consider the issues that Defendants raise on appeal. Further, even if the merits were reached, the District Court's rulings challenged by Defendants were correct and should be affirmed.

### A.    This Court lacks jurisdiction of this appeal.

As demonstrated in Plaintiff's Motion to Dismiss Appeal for Lack of Jurisdiction and above in Plaintiff's Statement Regarding Jurisdiction, this Court lacks jurisdiction to consider the errors enumerated by Defendants. The District Court's Order denying Defendants' Motion to Dismiss was interlocutory, and Defendants do not satisfy the requirements of *Mitchell v. Forsyth* and its progeny by presenting an abstract issue concerning the substance and clarity of the law. Plaintiff hereby incorporates by reference the arguments set forth in Plaintiff's Motion to Dismiss and Statement Regarding Jurisdiction, in full. Because the Court lacks jurisdiction, the appeal should be dismissed.

**B.    The District Court did not abuse its discretion in excluding the Bystander Video.**

The District Court exercised its discretion in declining to consider, on Defendants' Motion to Dismiss, an unauthenticated and apparently edited video posted on the YouTube channel of the Atlanta Journal & Constitution, which Defendants attempted to place into the record by putting a hyperlink in their Motion to Dismiss. *See* Doc. 71, p. 4, n.2 ("the exhibit to the Individual Defendants' motion to dismiss labeled 'Bystander/Spliced BWC Video' is not authenticated and, for purposes of the motion to dismiss, lacks the same credibility as the police officer's body cam footage and will not be relied upon by the Court at this time"). That decision was well within the trial court's broad discretion and should be affirmed. *See Jones v. Auto. Ins. Co.*, 917 F.2d at 1531-32 ("It is within the [trial court's] discretion to decide whether to consider matters outside of the pleadings that are presented to the court.").

As an initial matter, Defendants did not put the Bystander Video into the record. Instead, they merely provided a hyperlink in their Motion to a website that hosted the video. Under the Local Rules of the District Court, that was not effective to make the video a part of the record below. *See* N.D. Ga. L.R., Appx. H, p. A7 ("Neither a hyperlink, nor any site to which it refers, shall be considered part

of the record."). The District Court did not abuse its discretion in refusing to consider a video that was not in the record.

Nor is the video properly in the appellate record. Federal Rule of Appellate Procedure 10(a) provides:

The following items constitute the record on appeal:

(1) the original papers and exhibits filed in the district court;

(2) the transcript of proceedings, if any; and

(3) a certified copy of the docket entries prepared by the district clerk.

Fed. R. Civ. P. 10(a). Because the video is not among the "original papers and exhibits filed in the district court," it is not properly before this Court. Defendants have provided a link; but there is no way for this Court to be sure that the content currently displayed at that third-party web address is identical to the content that was there when the hyperlink was created. Defendants' procedural fault not only confirms the correctness of the District Court's ruling; it also deprives this Court of an appellate record on which to adjudicate Defendants' enumeration of error.

Defendants argue that Plaintiff's challenge to their failure to file the Bystander Video is waived because this argument was not raised, and the local rule not cited, in Plaintiff's brief in opposition to the motion to dismiss.

The defendants misunderstand the law. Parties can most assuredly waive positions and issues on appeal, but not individual arguments—let alone

authorities. *See, e.g., Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534, 112 S. Ct. 1522, 118 L. Ed. 2d 153 (1992) ("Once a [] claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below."). Offering a new argument or case citation in support of a position advanced in the district court is permissible—and often advisable. (Were the rule otherwise, we could never expect the quality and depth of argument to improve on appeal—an unfortunate result.)

*Sec'y, United States DOL v. Preston*, 873 F.3d 877, 883 n.5, 27 Fla. L. Weekly Fed. C 299 (11th Cir. 2017). Plaintiff thus is not limited to the precise arguments she made below in opposition to Defendants' Motion to Dismiss.

This is particularly true because Plaintiff is the one defending the district court's decision on appeal. It is well settled that this Court "may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d at 1364. And the highly deferential standard of review further weighs in favor of affirmance. Regardless of whether Plaintiff specifically criticized the manner in which Defendants attempted to submit the video, the District Court cannot be said to have abused its discretion in declining to consider something that was not even part of the record pursuant to that Court's local rules.

The District Court's concerns about authenticity and credibility also were well founded. As Defendants admit, what they now refer to as the Bystander Video is not an original document but a spliced composite video assembled after the fact

-16-

from multiple sources. Doc. 56-1, pp. 4, 20 (citing to it as the "*Bystander/Swanger Spliced Video*"). The video is hosted on the YouTube channel of the Atlanta Journal & Constitution and contains a credit naming the person who edited it. *https://www.youtube.com/watch?v=bLkAGsRjY5I* (last viewed Nov. 21, 2022; credit at timestamp 1:10). In essence, then, Defendants asked the District Court to watch an online news program and then dismiss the Complaint based on what he saw there. To say the least, the District Court's refusal to do so was not an abuse of discretion.

A further reason why the District Court's decision must be affirmed is that the Bystander Video is not referenced in the FAC. *See generally* Doc. 32. In the absence of any allegations referencing the video, Defendants attempt to link it to the FAC through two still images that were attached as an exhibit to Plaintiff's *ante litem* notice to the City of Atlanta, which in turn was attached as an exhibit to the FAC. NT Br., p. 8. These images are an exhibit to an exhibit, and the images — like the video — are not referenced in the pleading itself. To call them "central to the complaint" is nonsense.

In the trial court, Defendants never made any effort to prove their claim that the still images attached to the *ante litem* notice are derived from the Bystander Video. The District Court was not required to accept Defendants' bare assertion on

that point. And in this Court, in their MTD Response, Defendants do not point to anything in the trial court record that links the still images in the *ante litem* notice to the video posted at the Atlanta Journal & Constitution YouTube link. Instead, they offer the bare, unsupported assertion that "Appellee acknowledges . . . that still images from the [Bystander] video are in fact attached to the anti-litem [*sic*] notice attached to the FAC." MTD Response, p. 10. Defendants do not cite any point where this alleged acknowledgement exists. Defendants' failure to offer more than bare assertions on this issue amply supports the District Court's exercise of its discretion in declining to consider the video.

Defendants attempt to argue that a document need not be referenced in the complaint in order to be incorporated when later attached to a motion to dismiss. But the very case they cite for that contention refutes it. "Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharm.*, *Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189, 27 Fla. L. Weekly Fed. C 1537 (11th Cir. 2018); *see also Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960, 964 (11th Cir. 2019) (same); *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (same). This Court has expressly declined to consider documents

outside the pleadings on the grounds that they were not attached to or referenced in the complaint. *Franza v. Royal Caribbean Cruises*, *Ltd.*, 772 F.3d 1225, 1237-38, 25 Fla. L. Weekly Fed. C 591 (11th Cir. 2014). Defendants' argument to the contrary is baseless.

### C. The trial court correctly denied Defendants' Motion to Dismiss as to Counts I, III, X, and XI of the FAC.

#### 1. The trial court correctly rejected Defendants' self-serving interpretation of the incident-in-suit based on Swanger's body-worn camera ("BWC") video.

Like the Bystander Video, the BWC Video was submitted only by hyperlink and thus is not properly in the record. Fed. R. Civ. P. 10(a). The District Court therefore would have been well within its discretion to reject it entirely. But it did not do so. In fact, the District Court stated that it had reviewed the BWC Video "on multiple occasions." Doc. 71, p. 19, n. 3. The District Court held, however, that Defendants' account of the incident-in-suit was "not definitively supported" by the BWC Video. Doc. 71, p. 4, n.2; *id.*, p. 19, n. 3.

This was quite correct. During the initial period of Swanger's BWC Video (up to about 1:52), he appears to be sitting in his patrol car, and the camera captures little other than the steering wheel and Swanger's hands. (Doc. 56, link to

Exh. A.)[2] When Swanger moves to exit the patrol car and seize Plaintiff, his BWC

moves with him, and the resulting footage is blurred and chaotic. (*Id.* at 1:52-2:22.)

After that, the viewer's first clear image is of Plaintiff's back as she lies face-down

on the concrete, having been thrown there by Swanger. (*Id.* at 2:22.) The District

Court therefore was correct in finding that the BWC Video did not clearly support

Defendants' version of events.[3]

Other alleged facts that Defendants claim to be clearly shown on the video

are not shown at all. For example, Defendants cite "Swanger BWC 00:36:00-

:36:20" as purportedly depicting Plaintiff moving a police barricade. NT Br., p. 22.

But in fact, Plaintiff is in Swanger's patrol car at that point in the video, and has

been for more than half an hour. The cited portion of the BWC Video appears to

---

[2]     Lacking any other practicable choice, Plaintiff cites to this alleged video in
the manner that Defendants do. Plaintiff does not waive her objection that this
alleged video is not properly in the appellate record, and that Defendants have
failed to make a proper record on which this Court may review the District Court's
rulings.

[3]     Defendants also submitted a hyperlink to a putative exhibit that they contend
is a recording from their patrol car's dashcam. (Doc. 56, link to Exh. C.) In their
appellate brief, Defendants occasionally attempt to lump the dashcam exhibit in
with the BWC Video; but they do not mention the dashcam in their argument
headings, and they never make an argument that the District Court was required to
consider that video. For example, they never argue that the dashcam video was
referenced in the FAC, because it was not. At any rate, the dashcam shows a
relatively peaceful scene with a steady flow of cars and pedestrians. For part of the
video, two persons in camouflage uniforms stand and watch the cars go by.

show Swanger's hands writing a ticket. (Doc. 56, link to Exh. A, at 36:00-36:20.) Any suggestion that it clearly shows Plaintiff moving a barricade is false.

In fact, in their Response to Plaintiff's Motion to Dismiss, Defendants admit that Swanger's BWC Video "does not clearly show critical events," including "Appellee's [alleged] attempt to flee and her [alleged] violent resistance to Swanger's attempts to detain her to investigate their presence at Lenox Mall." MTD Resp., p. 8. This admission is fatal to their contention that the same video somehow establishes the "totality of the circumstances" leading up to the stop.

Defendants contend that the District Court "disregarded facts clearly shown and heard on BWC footage when BWC footage was referenced in the Jackson's [sic] First Amendment [sic] Complaint." NT Br., p. 17. But it is clear from the District Court's Order that it did not simply "disregard" the facts on the BWC Video. instead, after reviewing that video multiple times, it disagreed with Defendants' interpretation of the "totality of the circumstances," and held that, when construed in favor of Jackson as the non-moving party, the facts at the pleading stage did not establish arguable reasonable suspicion for the traffic stop. (Doc. 71 p. 16.)

The District Court did decline to take judicial notice of social unrest in the area, id.; but the only Motion to Take Judicial Notice was filed by the City of

Atlanta, which is not a party to this appeal. (Doc. 21.) These Defendants did not file such a motion, and they did not and could not appeal the denial of the City of Atlanta's Motion to Take Judicial Notice.

The District Court also declined to consider at the pleading stage the officers' statements, heard in the video, that there had been looting in the area earlier that evening. Defendants cited those unsworn, recorded statements as proof that there **actually was** looting, and that they had **knowledge** of looting. Doc. 56-1, pp. 2-3, 11, 22, n.5. But those supposed facts are not in the pleadings: as Defendants concede, the FAC does not make any allegation regarding looting at Lenox Mall. NT Br., pp. 23-24, n.6 (agreeing that "[t]he FAC merely makes a point that Jackson and her fiancé were not themselves looters and only engaged in peaceful protest throughout the day"). Nor does the BWC Video show actual looting, as opposed to mere statements on that subject. It was perfectly appropriate, and certainly not an abuse of discretion, for the District Court to decline to accept Defendants' unsworn recorded statements from the BWC Video as proof of facts outside the pleadings, on Defendants' Motion to Dismiss.

> **2. The trial court correctly rejected Brandt's effort to argue that he was, as a matter of fact, unable to intervene.**

Defendant Brandt's argument that he was unable to intervene to stop Swanger from using improper force, NT Br., pp. 26-28, raises an obvious fact issue

that cannot be decided in his favor on his Motion to Dismiss. Brandt admits that he relies on the Bystander Video for his argument that he had no opportunity to intervene in Swanger's use of force. NT Br., p. 27; MTD Resp., p. 14. Thus, because the District Court did not abuse its discretion in excluding the Bystander Video, Brandt's enumeration of error regarding his failure to intervene must be rejected. At any rate, even if the Bystander Video were considered, it does not clearly show that Brandt was unable to intervene. If Brandt can be seen at all during the portion of the video leading up to Swanger's use of force, he is seen only for a split second, and his position and activities during that time are far from clear. (Doc. 56, link to Exh. A.)

Brandt also contends on appeal, however, that the allegations of the FAC independently show that he was preoccupied with Ms. Jackson's fiancé throughout the incident such that he was unable to intervene in Swanger's use of force. He did not make this argument in the trial court. Doc. 56-1, p. 20. And the argument is baseless: Paragraph 45 of the FAC, which Brandt tellingly does not mention, expressly alleges that "Defendant Brandt was in a position to stop Defendant Swanger's use of excessive force but did not intervene or question the force being used by Defendant Swanger." FAC, ¶ 45. Brandt cites only Paragraph 27, which

describes the officers' movements before — not during — the use of force. That Paragraph states, in full:

> One officer, now known to be Defendant Brandt, got out of the patrol car and went toward the driver's side of the vehicle they had stopped, while a second officer, now known to be Defendant Swanger, ran around to Ms. Jackson's passenger side of the vehicle.

FAC, ¶ 27. This allegation plainly does not state or imply that Brandt remained occupied with Ms. Jackson's fiancé throughout the incident, so as to be unable to intervene in Swanger's use of force, as he contends. Brandt's newfound reliance on the allegations of the FAC is pointless, particularly when those allegations are construed — as they must be — in favor of Plaintiff as the non-moving party.

### 3. The District Court's ruling on the derivative claims must be affirmed.

Defendants' only argument for reversal of the ruling below regarding Plaintiff's counts for punitive damages and attorneys' fees is that those claims are derivative, and must stand or fall with the underlying claims. NT Br., p. 28. Because the trial court's rulings on the underlying claims are due to be affirmed, so too must its rulings on the derivative claims.

## CONCLUSION

As set forth in Plaintiff's Motion to Dismiss, this appeal should be dismissed for lack of jurisdiction. To the extent (if any) that the appeal is not dismissed, the District Court's decision should be affirmed.

Dated:  December 12, 2020          Respectfully submitted,


_s/ Leighton Moore_
Leighton Moore
Georgia Bar No. 520701


The Moore Law Firm, P.C.
1819 Peachtree St. NE
Suite 403
Atlanta, GA 30309
Tel. 404-285-5724
leighton@moorefirmpc.com

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Brief was prepared using Microsoft Word for Mac Version 16.67 and Times New Roman 14 pt. font. According to the word-count tool provided with the software, the relevant portions of the brief contain a total of 5,951 words.

Dated:  December 12, 2022        Respectfully submitted,


*s/ Leighton Moore*
Leighton Moore
Georgia Bar No. 520701

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served opposing counsel with a copy of the foregoing Brief of Appellee, by filing same with the Court's CM-ECF Appellate system, which will cause a copy of the filed document to be delivered electronically to counsel for Appellants.

This 12th day of December, 2022.

_s/ Leighton Moore_
Leighton Moore
Georgia Bar No. 520701