No. 22-12946-JPB

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

**OFFICER CODY SWANGER, in his individual capacity; and OFFICER JEREMIAH BRANDT, in his individual capacity,**

**Defendants/ Appellants.**

**v.**

**AMBER JACKSON,**

**Plaintiff/Appellee.**

On Appeal from the United States District Court for the Northern District of Georgia, Atlanta Division
District Court Case No. 1:21-cv-02578-MHC

## APPELLANTS' REPLY BRIEF

Thomas M. Mitchell
CAROTHERS & MITCHELL, LLC
1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 Fax
thomas.mitchell@carmitch.com
Counsel for Appellants
Cody Swanger and Jeremiah Brandt

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to 11th Cir. R. 26.1-1(a)(3), the following is a complete list of trial judges, attorneys, persons, associations, firms, partnerships, or corporations that have an interest in the outcome of this particular case:

1. Hon. Mark H. Cohen (District Court Judge)

2. Carothers & Mitchell, LLC (Counsel for Appellants)

3. City of Atlanta, Georgia (Defendant)

4. Hall Booth Smith, P.C. (Counsel for City of Atlanta)

5. Joshua Foster (Counsel for City of Atlanta)

6. Joel Aldrich Jothan Callins (Counsel for City of Atlanta)

7. Shemia Washington (Counsel for City of Atlanta)

8. Nicholas Andrew Kinsley (Counsel for City of Atlanta)

9. Phillip Edward Friduss (Counsel for City of Atlanta)

10. R. David Ware (Counsel for City of Atlanta)

11. Amber Jackson (Appellee)

12. Harold W. Spence (Counsel for Appellee)

13. Mawuli Melvyn Malcolm Davis (Counsel for Appellee)

14. Cody Swanger (Defendant-Appellant)

15. Jeremiah Brandt (Defendant-Appellant)

16. Thomas M. Mitchell (Counsel for Appellants)

17. Angela C. Couch (Counsel for Appellants)

18. Karen Gilpin Thomas (Counsel for Appellants)

19. Richard A. Carothers (Counsel for Appellants)

I hereby certify that I am aware of no publicly traded company that has an interest in this appeal.

Respectfully submitted, this 3rd day of January, 2023.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Appellants
Cody Swanger and Jeremiah Brandt

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 Fax
Email: thomas.mitchell@carmitch.com

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ......................... ii

TABLE OF CONTENTS ....................................................... iv

TABLE OF CITATIONS ..................................................... .v

APPELLANTS' JURISDICTIONAL STATEMENT ............... .1

STATEMENT OF THE ISSUES ......................................... 4

ARGUMENT AND CITATION OF AUTHORITY........................6

I.      The District Court erred in failing to consider the bystander....6
        video.

II.     District Court erred in disregarding facts seen and heard........8
        on the BWC footage.

III.    District Court erred in denying Officer Brandt qualified........11
        immunity on the failure to intervene claim.

IV.     The district court erred in not dismissing the ......................13
        derivative claims for attorneys' fees and punitive damages

CONCLUSION .................................................................13

CERTIFICATE OF COMPLIANCE ....................................14

CERTIFICATE OF SERVICE ..........................................15

# TABLE OF CITATIONS

## CASES

*Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020) ....................... 11, 12

*Ashcraft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 ............ 3

*Cantrell v. McClure*, 805 Fed. Appx. 817, 819 n.2 (11th Cir. 2020) .......1, 2, 3, 5, 6

*Ensley v. Soper*, 142 F.3d 1402, 1408 (11th Cir. 1998) ............................11, 12

*Franza v. Royal Caribbean Cruises Ltd.,* 772 F.3d 1225............................8
(11th Cir. 2014)

*Hi-Tech Pharm., Inc. v. HBS International Corp.*, 910 F.3d 1186.............. 2

*Horsley v. Feldt*, 304 F.3d 1125 (11th Cir. 2002) ................................. 2

*Jewett v. Anders,* 521 F.3d 818 (7th Circ. 2008) ....................................4

*Maxcess, Inc. v. Lucent Tech., Inc.,* 433 F.3d 1337 (11TH Cir. 2005) ...........3

*McDowell v. Gonzalez*, 820 Fed. Appx. 989, 990 (11th Cir. 2020) ...............2

*Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411
(1985) ....................................................................................... 1

*People for Ethical Treatment of Animals, Inc. vs. Miami Seaquarium*
879 F.3d 1142, 1145 n.2 (11th Cir. 2018) .........................................7

*Robinson v. City of Huntsville*, 21-13979, 2022 WL 3867584,
(11th Cir. Aug. 30, 2022) ........ ...................................................... 6, 7

*Scott v Harris* 550 U.S. 372, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007)...... 1, 5, 6

*Smith v. LePage*, 834 F.3d 1285 (11th Cir. 2016)........................................... 3

*Spencer v. Benison,* 5 F.4th 1222 (11th Cir. 2021)..................................1

*Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361 (11th Cir. 2007)·············· 5

*Tillis on behalf of Wuenschel v. Brown*, 12 F4th 1291 (11th Cir. 2021) ········ 3

**CONSTITUTION**

**FEDERAL STATUES**

**RULES**

Fed. R. Evid. 90 (a) ............................................................................. 7
Fed R. App. Proc. 10 ............................................................................7

## APPELLANTS' JURISDICTIONAL STATEMENT

Appellee uses her Jurisdictional Statement as a reply in support of her Motion to Dismiss. Appellee asserts that it is only in response to the Motion to Dismiss that Swanger and Brandt argue for the first time that this Court has pendant appellate jurisdiction over the "fact issues that they raise." On the contrary, Swanger's and Brandt's Notice of Appeal specifically states that they were appealing the order denying the motion to dismiss "and any issues inextricably intertwined with the qualified immunity ruling." The Court has appellate jurisdiction over those issues that are inextricably intertwined because of the doctrine of pendent appellate jurisdiction. *Spencer v. Benison*, 5 F.4th 1222, 1234–35 (11th Cir. 2021). Because this Court has jurisdiction over the qualify immunity issue, it has jurisdiction over all the issues necessary to decide that issue.

Appellee contests Swanger and Brandt's reliance upon *Cantrell v. McClure*, 805 Fed Appx. 1811 (11th Cir. 2020). Swanger and Brandt rely upon *Cantrell* as well as *Scott v. Harris,* 550 U.S. 372, 127 S. Ct, 1769, L. Ed.2d 686 (2007) for the proposition that, especially in the context of evaluating qualified immunity, the Court should consider video of the events at issue in deciding the officer's qualified immunity. Consideration of the video should be done at the earliest point in the litigation so that the immunity is not lost. *Mitchell v. Forsyth*, 472 U.S. 511, 526–

1

27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985) (immunity "effectively lost if a case is erroneously permitted to go to trial.").

Appellee appears to contend that in order for a document or, as here, a video to be considered on a motion to dismiss, it must be referenced in or attached to the Complaint. The issue, however, is centrality to the Plaintiff's claims, not attachment to or reference in a complaint. *Cantrell*, 805 Fed. Appx. at 819; *McDowell v. Gonzalez*, 820 Fed. Appx. 989, 990 (11th Cir. 2020). "A court may consider an exhibit attached to a pleading or a motion to dismiss without converting the motion into one for summary judgment where the exhibit is central to the plaintiff's claim and its authenticity is unchallenged." *Cantrell* (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)); *McDowell, supra*, ("a court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is central to the plaintiff's claim and is undisputed.").

In *Hi-Tech Pharm., Inc. v. HBS International Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018), the Eleventh Circuit specifically addressed the incorporation doctrine. If a document is referenced in a complaint, it is likely *per se* central to the claims, but, again, the critical issue is centrality to the claims, not reference in the complaint. The two later cases, *Cantrell* and *McDowell*, distinguish and approve the

situation in which video is attached to a motion to dismiss. Even with documents, if they are central to a plaintiff's claim and there is no dispute as to the authenticity, then the Eleventh Circuit considers them on a motion to dismiss. *Maxcess, Inc. v. Lucent Tech., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).

Swanger and Brandt note that in their response to the motion to dismiss, they also relied on *Smith v. LePage,* 834 F. 3d, 1285 (11th Cir. 2016), and *Tillis on behalf of Wuenschel v. Brown*, 12 F.4th, 1291 (11th Cir. 2021) in support of this Court's jurisdiction. (Doc. 21, pp. 4-5). Appellee does not distinguish those cases and they, too, support, the existence of appellate jurisdiction over all the issues in this matter.

The United States Supreme Court has held that sufficiency of pleadings is "both inextricably intertwined with and directly implicated by the qualified immunity defense." *Ashcraft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009). A panel of this Court has held in *Cantrell* that the consideration of video is appropriate when determining whether the pleadings sufficiently plead a violation of clearing established law. 805 Fed. Appx. at 819. The logical conclusion of these two principles is the failure by a district court to review video in evaluating the sufficiency of the pleadings must be considered inextricably intertwined with the qualified immunity issue.

Swanger and Brandt also acknowledged that it does not appear that this Court has directly addressed the question of appellate jurisdiction to immediately review a district court's refusal to consider relevant matters in deciding the qualified immunity question. They did, however, direct this Court to the Seventh Circuit decision in *Jewett v. Anders*, 521 F. 3d, 818 (7th Cir, 2008). That Circuit did conclude that review of the failure by the district court to consider certain information in deciding the qualified immunity question was inextricably intertwined with the qualified immunity question and could be reviewed on appeal. Appellee offers no rebuttal to this holding. This Court has jurisdiction over all issues in this appeal.

## STATEMENT OF ISSUES

Appellee accurately summarized the nature of the proceedings below as well as the allegations of her Complaint regarding the facts. Whether those are the facts to which the district court should have restricted itself rather than considering the video is the issue on appeal.

Swanger and Brandt must address Appellee's characterization of the Standard of Review. Appellee correctly notes that the denial of a Motion to Dismiss on qualified immunity is reviewed *de novo*. Appellee contends, however, that "it is within the trial court's discretion to decide whether to consider matters outside of

the pleadings that are presented to the Court." All five cases cited by Appellee from the Eleventh Circuit and other circuits pertain to the issue of whether to consider matters outside of the pleadings and then convert the Motion into one for Summary Judgment under Rule 56. That is not the issue in this case. The video was offered based upon the rule arising from *Scott v. Harris* and *Cantrell v. McClure* as well as other cases allowing video to be considered on such motions based on qualified immunity. The standard of review of the inextricably intertwined issue of the district court's failure to consider the video is the *de novo* standard applicable to the qualified immunity question.

The final point made by Appellee is that this Court may affirm a district court judgment on any ground that appears in the record whether or not that ground was relied upon or considered by the Court below. She then later uses this in her brief, see Brief of Appellee (Doc. 22) pages 15-16, to argue that she can raise new issues on appeal. In federal court, the right for any reason rule does not overcome the requirement that the Appellee have actually argued what they seek to press on appeal. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) ("The causation issue was expressly raised in Cooper's Memorandum of Law in Support of Defendant's Motion for Summary Judgment, and the parties had the opportunity to thoroughly brief this issue.")

## ARGUMENT AND CITATION OF AUTHORITY

### I.  The District Court erred in failing to consider the Bystander Video.

Appellee contends that the District Court properly exercised discretion in failing to consider the Bystander Video. Swanger and Brandt contend that the proper characterization is not an exercise of discretion by the trial court but the legal principle of whether or not in evaluating the qualified immunity of a police officer, the district court should consider available video that is central to the claims and about which there is no actual dispute as to authenticity. Swanger and Brandt rely on the rule of *Scott v. Harris* as well as what appears to be the rule in this Circuit albeit based on unpublished decisions such as *Cantrell* and *Robinson v. City of Huntsville*, 21-13979, 2022 WL 3867584, at *3 (11th Cir. Aug. 30, 2022).

Appellee's next argument is that the Bystander Video is not properly contained in the record. Swanger and Brandt addressed this issue in responding to the Motion to Dismiss. (Doc. 21, pp. 9-10). In short, it was not raised below and thus the Appellee waived the issue for appeal. In response to these points, Appellee contends that she is merely making new argument citing new authority in support of her position. This is simply not so. A careful review of her response to the Motion to Dismiss in the district court (Trial Court Doc. 64), reveals that she raised no

challenge to the presentation of the video by hyperlink or the authenticity of the video until the parties were before this Court.

Appellee argues that video is not properly in the record citing Federal Appellate Procedure 10(a). Nothing in the Federal Appellate Rules excludes consideration of the video provided by a hyperlink. In fact, as the undersigned understands it, the entire appellate record in an appeal is generally electronically accessed and that that is how it is transmitted to the Court. Finally, as noted in its response to the Motion to Dismiss, this Court has considered material provided by hyperlink in the past. *People for Ethical Treatment of Animals, Inc. vs. Miami Seaquarium*, 879 F.3d 1142, 1145 n.2 (11th Cir. 2018).

Appellee contends that "concerns about authenticity and creditability also were well founded." The rule of *Scott* and *Cantrell* require that there be no legitimate dispute as to the contents of the video. A panel of this Court explained recently in an unpublished opinion what "undisputed" means when considering video in this context. In this context, it means there is "nothing in the record to suggest that . . . the . . . footage is not what it purports to be – that is, the video and audio information recorded during the events" in question. *Robinson v. City of Huntsville*, 2022 WL 3867584, at *3 (citing Fed R. Evid. 901(a)). In other words, if the Bystander Video clearly shows the events in question involving the plaintiff,

7

then there is no legitimate dispute as to its authenticity for the purpose of evaluating the qualified immunity question. Comparison of Bystander Video to the BWC and the dashcam, clearly show that to be the case.

The final argument in this section is again Appellee's contention that the fact that the Bystander Video was not attached to or referenced in the Complaint precludes its consideration. As noted above in the argument regarding jurisdiction, the issue is centrality to the Plaintiff's claims and not whether it is attached to the Complaint. Appellee's reliance on *Franza v. Royal Caribbean Cruises Ltd.*, 772 F.3d 1225 (11th Cir. 2014) is misplaced. In that case, what the defendants sought to have considered was the language on the back of a cruise ticket that contained a limitation of liability. This Court correctly concluded that limitation of liability defense was not central to the actual claims being made by the plaintiff. The Court did note that the ticket was not attached to or referenced in the Complaint. As argued above, however, if it is attached to the complaint or a referenced therein, it is likely *per se* central to the claim, but it is centrality to the claims, and not reference in the complaint that is critical.

## II.    District Court erred in disregarding facts seen and heard on the BWC footage.

Appellee contends that Swanger and Brandt misrepresent what can be seen on the video. The targeted statement in Swanger's and Brandt's brief reads "Second,

an official barricade had been placed across the access point and Jackson herself was seen interfering with that barricade by moving it." Swanger and Brandt cite the First Amended Complaint paragraph 22 which reads "at that time, Ms. Jackson exited the vehicle to relocate the barricade a few feet so they could exit the mall." Swanger and Brandt also cite Swanger BWC 00:36:00-:36:20. Appellee characterizes their citation of the video "as purportedly depicting Plaintiff moving the police barricade." That is not the purpose for which that portion of the BWC is cited. In the video, the following conversation is heard:

Officer: What do barricades mean?

Driver: I couldn't get out.

Officer: Ok.

Driver: I couldn't get out. I told her to move the things so I could get out.

Officer: Ok. Ok. What did you do when I told you to stop?

Driver: I didn't even hear you tell me to stop.

Officer: Ok. What about you, huh?

Driver: She wasn't driving.

Officer: What did you do when I told you to stop?

Driver: You slammed her bro.

Officer. Ok. What did you do when I told you to stop? Tried to run.

In other words, the dialog establishes that Appellee moved the barricade. Furthermore, at Swanger BWC 38:00-38:25 one can see the nature of the barricade and the gap that Plaintiff created in moving the barricade.

Appellee assert that Swanger and Brandt acknowledge that the BWC "does not clearly show critical events" regarding her attempted flight and resistance. She then contends that this is fatal to the contention that this video establishes the totality of the circumstances leading to the stop. Appellee mischaracterizes Swanger and Brandt's argument in this regard. Their contention is that what is seen and heard in the background including the barricades, the location of Plaintiff's vehicle on the wrong side of the road, the presence of the National Guard, the time of night as well as the other elements discussed, provide the totality of the circumstances, and it was these matters that the district court failed to properly consider. Swanger and Brandt acknowledged only that the BWC does not clearly show Swanger taking Appellee to the ground or the few seconds immediately preceding that act. Those events are seen on the Bystander Video. But the BWC does show the totality of the circumstances, or the context, in which those events occur.

The officer's statements in the video regarding looting and rioting go to the reasonable officer's belief in light of what can be seen and heard. It is not important for purposes of the qualified immunity argument at this stage of the proceedings

whether Appellee and her driver were actually involved in looting or rioting but only whether the officers could have reasonably believed that they had reason to stop the vehicle to investigate whether or not they were involved in such activities. The totality of the circumstances seen on the videos do establish that the officers had cause to stop the car.

### III. District Court erred in denying Officer Brandt qualified immunity on the failure to intervene claim.

Appellee does not dispute the law of this Circuit that in order to be held liable for failure to intervene, an officer must be in a position to intervene and fail to do so, and that, when an officer is dealing with another arrestee or subject there is no constitutional obligation to disengage to intervene. *Ensley v. Soper*, 142 F.3d 1402-1408 (11th Cir. 1998); *Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020). Brandt argues that the Bystander Video clearly shows Brandt dealing with the driver and thus not constitutionally obligated to intervene. Brandt makes a second argument that the very allegations of the First Amended Complaint compel dismissal of the failure to intervene against Brandt.

Paragraph 27 of the First Amended Complaint reads:

One officer now known to be Defendant Brandt, got out of the patrol car and went toward the driver's side of the vehicle they had stopped while a second officer, now known to be Defendant Swanger, ran around to Ms. Jackson's passenger side of the vehicle.

Paragraph 45 relied upon by Appellee reads "Defendant Brandt was in a position to stop Defendant Swanger's use of excessive force but did not intervene or question the force being used by Defendant Swanger." Officer Brandt's argument is that the fact that the Complaint alleges that he was dealing with the driver establishes on the face of the pleadings that he was dealing with another subject and thus is entitled to qualified immunity on the basis of the authority of *Alston* and *Ensley*. The acknowledgement that Brandt was dealing with the driver is not overcome by a conclusory allegation that he was in a position to intervene.

Appellee also argues that Brandt did not make this argument in the District Court. Unlike Appellee's contentions regarding the credibility and authenticity of the video, this argument was in fact made by Brandt below. His brief on this point reads:

> Officer Brandt is entitled to judgment as a matter of law. The video **and the allegations of the Complaint** that Brandt was dealing with the driver belie the conclusory allegation that Brandt could have intervened in Swanger's use of allegedly excessive force against Plaintiff. **The Complaint alleges that Brandt was dealing with the driver. FAC, ¶27**. Further, the bystander video which is shot from a distance and has a wide angle shows Officer Brandt dealing with the driver....

(Trial Doc. 56-1, p. 20 of 28) (emphasis supplied). As is clear, Brandt's argument in the district court relies both on the allegations of the First Amended Complaint, specifically paragraph 27, as well as the Bystander Video. In light of *Enlsey* and

12

*Alston*, the allegation in the complaint entitles Brandt to qualified immunity on the failure to intervene claim.

**IV.    The district court erred in not dismissing the derivative claims for attorneys' fees and punitive damages.**

Appellee's only argument is that if the substantive claims stand, the derivative claims do as well. The district court's ruling on the derivative claim should be reversed when the substantive claims are dismissed as argued above.

## CONCLUSION

For the reasons and based on the authorities set forth in Appellants' Brief and this Reply, Appellants respectfully request that the Court reverse the district court, and remand this matter with instructions to dismiss Appellee's claims against Swanger and Brandt on the basis that they have qualified immunity.

## Certificate of Compliance with Type-Volume Litem

1.    This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) and the word limit of Fed. R. App. P. 32(a)(7)(b)(ii) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 2981 words.

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in Times New Roman font size 14.

Respectfully submitted, this 3rd day of January, 2023.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants/Appellants
Cody Swanger and Jeremiah Brandt

1809 Buford Highway
Buford, GA 30518
T: (770) 932-3552
F: (770) 932-6348
Email: thomas.mitchell@carmitch.com

14

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing

**APPELLANTS' REPLY BRIEF** to the Clerk of Court using the CM/ECF system

which will automatically send electronic mail notification of such filing to counsel

of record who are CM/ECF participants.  Counsel of record are:

Joshua S. Foster
CITY OF ATLANTA DEPARTMENT OF LAW
55 Trinity Avenue, S.W.
Suite 5000
Atlanta, Georgia 30303
josfoster@atlantaga.gov

Nicholas A. Kinsley
Phillip A. Friduss
R. David Ware
HALL BOOTH SMITH, P.C.
191 Peachtree Street
Suite 2900
Atlanta, Georgia 30303
nkinsley@hallboothsmith.com
pfriduss@hallboothsmith.com
dware@hallboothsmith.com

Harold W. Spence
Mawuli M. Davis
DAVIS BOZEMAN LAW FIRM, P.C.
4153 - C Flat Shoals Parkway, Suite 332
Decatur, Georgia 30034
hspence@davisbozemanlaw.com
mdavis@davisbozemanlaw.com
Attorneys for Plaintiff

This 3rd day of January, 2023.

CAROTHERS & MITCHELL, LLC

/s/ *Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants/Appellants
Cody Swanger and Jeremiah Brandt

1809 Buford Highway
Buford, GA 30518
(770) 932-3552